Date signed February 26, 2008



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| HENRY W. SHUPE | : | Case No. 07-17354PM |
| APRIL SUE SHUPE | : | Chapter 7 |
| | : | |
| Debtors | : | |
| -------------------------------- | : | |
| FORD MOTOR CREDIT COMPANY LLC | : | |
| Movant | : | |
| vs. | : | |
| | : | |
| HENRY W. SHUPE | : | |
| APRIL SUE SHUPE | : | |
| MERRILL COHEN, Trustee | : | |
| Respondents | : | |
| -------------------------------- | : | |

### MEMORANDUM TO COUNSEL

      On February 20, 2008, Ford Motor Credit Company LLC ("Ford") filed a Motion seeking an order pursuant to 11 U.S.C. § 362(h)(1) confirming the termination of the automatic stay of § 362(a) on account of Debtors' failure to file timely a Statement of Intention, allegedly required by § 521(a)(2)(A) of the Bankruptcy Code that provides in part:

      **11 U.S.C. § 521. Debtor's duties**

        (a) The debtor shall-
          *        *        *        *        *
        (2) if an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate-

> (A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property.

What distinguishes this case from many other cases where such motions have been filed is that this case was originally filed under Chapter 13 on August 7, 2007. The difficulty with the position asserted by Ford is that on October 31, 2007, an Order was entered converting this case to a case under Chapter 7 on Debtors' motion. Under § 348(a) of the Bankruptcy Code, the conversion of a case does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief. Section 348(c) provides that only with § 342 and § 365(d) of the Bankruptcy Code is the conversion order treated as if it were the order for relief. Section 521(a)(2) is applicable only to Debtors filing under Chapter 7. Ford elects to file this motion instead of filing a motion for relief from the automatic stay, assuming grounds for such relief exists. If Ford's position is correct, then debtors would automatically lose the protection of 11 U.S.C. § 362(a) in every case that was converted to a case under Chapter 7 on a date more than 30 days after the filing of the petition on account of not filing a Statement that they were not required to file in the first place. The court does not believe that Congress intended this absurd result, but counsel for the parties are invited to file memoranda **before March 15, 2008**, as to the applicability of § 521(a)(2)(A) and § 362(h) in the situation presented at bar.

cc:
Michael J. Klima, Jr., Esq., 8600 LaSalle Road, Suite 200, Towson, MD 21286
Daniel J. Guenther, Esq., P.O. Box 623, Leonardtown, MD 20650
Merrill Cohen, Trustee, 7910 Woodmont Avenue, Suite 760, Bethesda, MD 20814
Henry/April Shuupe, 43252 Waverly Court, Hollywood, MD 20636

**End of Memorandum**